IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN TIMOTHY HILL,<br><br>PLAINTIFF,<br><br>VS.<br><br>SAM'S WEST, INC., SYNCHRONY FINANCIAL, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, and MIDLAND CREDIT MANAGEMENT, INC.<br><br>DEFENDANT(S). | Case No.: 22-232 |

## COMPLAINT

**COMES NOW** Plaintiff, JOHN TIMOTHY HILL (hereafter "Mr. Hill" or "Plaintiff"), by Counsel and, as his Complaint against Defendants named above, states the following:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 USC § 1331 (federal question), 15 USC § 1640, 15 USC 1692k, 12 USC § 2617 and 28 USC § 157(b).

2. The venue is proper under 28 USC § 1409 because the events giving rise to Plaintiff's causes of action occurred in this District.

### PARTIES

3. Plaintiff John Timothy Hill ("Plaintiff" or "Mr. Hill") is a resident of Baldwin County, Alabama, and is a consumer as defined by 15 USC § 1692a(3).

4. Sam's West, Inc. ("Sam's") is a foreign limited liability company formed outside the State of Alabama, with its principal place of business in Arkansas.

5. TransUnion, LLC ("TransUnion") is a foreign limited liability company

incorporated under the laws of Delaware. TransUnion is a Consumer Reporting Agency.

6. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company formed outside the State of Alabama, with its principal place of business in Georgia. Equifax is a Consumer Reporting Agency.

7. Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company formed outside of the State of Alabama, with its principal place of business in California. Experian is a Consumer Reporting Agency.

8. Midland Credit Management, Inc. ("Midland") is a foreign limited liability company formed outside of the State of Alabama, with its principal place of business in California.

9. Synchrony Financial ("Synchrony") is a foreign limited liability company incorporated under the laws of Delaware.

## FACTUAL ALLEGATIONS

10. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 USC § 1692(a)(5).

11. On or about March 11, 2021, Plaintiff was shopping at Sam's when he was approached about applying for a credit card with their company.

12. Plaintiff applied for the card and, upon application, was immediately approved. In addition, he was told that he did not have to wait to receive a credit card in the mail, to use his driver's license upon checkout and that it would work the same, which he did.

13. Plaintiff patiently awaited the arrival of the credit card and a bill, but neither ever came. About a month later, Plaintiff returned to Sam's to inquire why he did not have a copy of the card or a bill. Plaintiff was told that there was no record of him ever having applied for credit at Sam's or of him owing anything.

14. In October of 2021, after attempting to refinance his home, Plaintiff received an adverse action letter from the Bank of New England. According to the letter, Sam and Synchrony reported derogatory information about him on his credit reports.

15. The Sam's/Synchrony account was reported as "currently in collections" by Midland to Experian, Equifax, and Transunion.

16. Midland, Sam's, and Synchrony are all trying to collect a debt that Mr. Hill attempted to pay several times and that he would have paid if Sam's employees had not told him that he did not have an account.

17. Plaintiff never received any communication from Sam's, Synchrony, or Midland before the inaccurate information was placed on his credit reports. Plaintiff made several attempts to pay any debt owed and was told by Sam's employees that he did not have an account.

18. In December of 2021, Plaintiff sent a letter disputing the credit reporting to TransUnion, Experian, and Equifax, stating that he had never received a bill for the charges and that when he tried to pay, Sam's said that he did not have an account with them. Plaintiff requested that this account be immediately corrected on his credit reports. The letter set out in detail what happened.

19. Mr. Hill's detailed letter succinctly set out precisely what had happened and included all of the information that would have allowed the CRAs to correct their records.

20. Reasonable procedures required the credit bureaus to forward all relevant information about Mr. Hill's account to Sam's, Midwest, and Synchrony.

21. After receipt of the dispute, Equifax, Experian, and TransUnion verified Sam's and Synchrony's reporting as accurate and, as of the filing of this Complaint, continue to report negatively concerning Sam's account.

## COUNT I
## FAIR CREDIT REPORTING ACT 1681-s(2)(B)

22. All the relevant forgoing factual allegations are incorporated by reference in this Count.

23. This Count is against Sam's, Midland, and Synchrony for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 USC §1681 et seq.

24. Sam's, Midland, and Synchrony furnish credit information to consumer credit reporting agencies as FCRA defines those terms. Sam's, Midland, and Synchrony are subject to requirements of FCRA, including those duties set out in 15 USC §1681s-2(b).

25. At all relevant times, and at least as early as October of 2021, Sam's, Midland, and Synchrony provided derogatory and inaccurate credit information about Mr. Hill to consumer reporting agencies ("CRAs").

26. TransUnion, Experian, and Equifax reported this derogatory information to third parties, including Mr. Hill's potential lenders, and others who were in a position to evaluate his creditworthiness, credit standing, credit capacity, character, and general reputation.

27. As stated above, Mr. Hill provided detailed written disputes of this information to Equifax, Experian, and TransUnion. Each of these disputes constituted a "consumer dispute." These dispute letters triggered the requirements in 15 USC § 1681i and 1681s-2(b). Upon information and belief, information about each dispute was forwarded to Sam's, Midland, and Synchrony, as required by 15 USC § 1681i(a)(2).

28. Information was available to Sam's, Midland, and Synchrony that should have informed them, upon any reasonable investigation, that they were reporting inaccurate information regarding Mr. Hill. Despite the knowledge that the information being reported was inaccurate,

Sam's, Midland, and Synchrony verified the inaccurate and derogatory information as accurate, knowing that by doing so, Mr. Hill's creditworthiness would be damaged.

29. Sam's, Midland, and Synchrony have taken actions that violate FCRA, precisely 15 USC §1681s-2(b). These actions include, but are not limited to, the following:

a. Failing to fully, reasonably, or adequately investigate Mr. Hill's dispute of the reporting of the inaccurate and derogatory information;

b. Failing to review all relevant information regarding the dispute and disregarding that information after review; and

c. After receiving notice of the dispute directly from Plaintiff and the credit bureaus, continuing to submit inaccurate and derogatory information to consumer reporting agencies. Sam's knew that information to be inaccurate, incomplete, and not verifiable. Yet, they failed to modify, delete or permanently block the reporting of the credit information, which Sam's knew to be inaccurate, incomplete, and not valid.

30. As a proximate result of this conduct, Mr. Hill suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from the credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

31. Sam's, Midland's, and Synchrony's acts and omissions made in violation of the FCRA were willful, entitling Mr. Hill to recover remedies provided in 15 USC §1681n.

32. Sam's, Midland's, and Synchrony's acts and omissions in violation of the FCRA were negligently made, entitling Mr. Hill to recover the remedies provided under 15 USC § 1681o.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment against Defendants, Sam's, Midland, and Synchrony, for negligent and willful violations of the FCRA and

award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment; statutory damages; punitive damages; costs and attorney's fees and further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
## (FCRA VIOLATIONS-CRA DEFENDANTS)

33. Mr. Hill realleges and incorporates all the preceding paragraphs as if fully set out herein.

34. This Count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendants Equifax, Experian, and TransUnion under 15 USC §§ 1681o and 1681n.

35. Equifax, Experian, and TransUnion are each a "Consumer Reporting Agency," as that term is defined in FCRA.

36. Defendants Experian, Equifax, and TransUnion have reported inaccurate and derogatory credit information relating to the above-described debt on Mr. Hill's credit report. This information was published to third parties, including Mr. Hill's potential lenders and others in a position to evaluate Mr. Hill's creditworthiness, credit standing, credit capacity, character, and general reputation. At all relevant times, this inaccurate and derogatory information was reported by Experian, Equifax, and TransUnion to third parties as a "Consumer Report," as defined in the FCRA.

37. Mr. Hill notified Experian, Equifax, and TransUnion that the information reported in his credit file related to Sam's was inaccurate and requested that the data be corrected.

38. Experian, Equifax, and TransUnion failed to investigate Mr. Hill's disputes reasonably and merely parroted the inaccurate information supplied by Sam's and others without performing any meaningful or reasonable independent investigation.

39. Experian, Equifax, and TransUnion failed to comply with the requirements of the FCRA in one or more of the following ways:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Mr. Hill, to follow reasonable procedures to ensure maximum possible accuracy of the information it published in its reports relative to Mr. Hill;

   b. By willfully and/or negligently failing to comply with 15 USC § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete, and correct;

   c. By willfully and/or negligently failing to delete data which each of the CRA Defendants knew or, had any reasonable investigation been conducted, should have known, was inaccurate, incomplete, and/or could not be verified;

   d. By failing to adequately respond to Mr. Hill's disputes as required by 15 USC § 1681;

   e. By failing to exercise due care and reasonable prudence in preparing its reports relative to Mr. Hill.

40. As a proximate result of this conduct, Mr. Hill suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

41. The CRA Defendants' acts and omissions in violation of the FCRA were willful, entitling Mr. Hill to recover the remedies in 15 USC §1681n.

42. The CRA Defendants' acts and omissions in violation of the FCRA were negligently made, entitling Mr. Hill to recover the remedies provided under 15 USC § 1681o.

**WHEREFORE,** Mr. Hill requests that this Court enter a separate Judgment against Experian, Equifax, and TransUnion for negligent and willful violations of the FCRA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Mr. Hill further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
## (FDCPA VIOLATIONS)

43. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

44. Defendant Midland is a "debt collector" defined by the FDCPA, 15 USC § 1692a(6).

45. Midland has violated the FDCPA in connection with its attempts to collect the inaccurate account at issue. Midland's violations include, but are not limited to the following:

   a. Collecting and attempting to collect late fees it was not entitled to in violation of 15 USC § 1692f(1); and

   b. Providing inaccurate information regarding the status of a loan in violation of 15 USC § 1692c.

46. Due to its violations of the FDCPA, Midland is liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

**WHEREFORE,** Mr. Hill requests that this Court enter a separate Judgment against Midland for negligent and willful violations of the FDCPA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Mr. Hill further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
## NEGLIGENCE

47. This Count is against all defendants other than the credit reporting agencies.

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. The conduct alleged above constitutes negligence and caused Plaintiff to be injured and harmed. The injuries suffered by Plaintiff include but are not limited to the following:

   a. adverse credit reporting, causing immediate psychic damage that was concrete and individualized;

   b. costs associated with prevention of additional harm;

   c. expenses related to credit monitoring;

   d. loss of credit due to improper credit reporting causing credit scores to be lower than they should be; and

   e. loss of time to mitigate future harm; worry, stress, loss of sleep, and severe emotional distress.

**WHEREFORE,** Plaintiff seeks compensatory damages in an amount to be determined by a jury for the injuries and damages previously described and set forth herein again by reference, plus any other damages, costs, or fees available, including but not limited to attorney fees and court costs.

Respectfully submitted on June 17, 2022

>*/s/ Earl P. Underwood, Jr.*
>**Earl P. Underwood, Jr.**
>**21 South Section Street**
>**Fairhope, Alabama 36532**
>**Telephone:     (251) 990-5558**
>**Facsimile:      (251) 990-0626**
>**E-mail:           epunderwood@alalaw.com**
>*Attorney for Plaintiff John Timothy Hill*

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

SAM'S WEST, INC.
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, ALABAMA 36104

TRANSUNION, LLC
C/O PRENTICE-DAVIS CORPORATION SYSTEM INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, ALABAMA 36104

EQUIFAX INFORMATION SERVICES, LLC
C/O CORPORATION SERVICE COMPANY, INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 3604

MIDLAND CREDIT MANAGEMENT, INC.
C/O CORPORATION SERVICE COMPANY, INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

SYNCHRONY FINANCIAL
C/O CORPORATION TRUST COMPANY
1209 ORANGE STREET
NEW CASTLE, DELAWARE 19801

                                                */s/ Earl P. Underwood, Jr.*
                                                **Earl P. Underwood, Jr.**