IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN TIMOTHY HILL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-00232-KD-M |
| ) | |
| SAM'S WEST, INC., SYNCHRONY ) | |
| FINANCIAL, EQUIFAX INFORMATION ) | |
| SERVICES LLC, EXPERIAN ) | |
| INFORMATION SOLUTIONS INC., ) | |
| TRANSUNION LLC, and MIDLAND ) | |
| CREDIT MANAGEMENT INC. ) | |
|     Defendants. ) | |

## AMENDED ORDER[1]

This action is before the Court on Plaintiff John Timothy Hill's Notices of Settlement with Defendants Equifax Information Services LLC and Midland Credit Management, Inc. (docs. 31, 34). Hill reports that they have reached a settlement and requests sixty (60) days to consummate the settlement. The Court construes the Notices as Hill's voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).[2] Accordingly, this action as to Defendants Equifax and Midland is **dismissed with prejudice**, subject to the right of Hill, Equifax, or Midland to reinstate the action within sixty (60) days of the date of this order should the settlement agreement not be completed.

This order shall not be construed as dismissing Hill's claims against the remaining Defendants.

Each party shall bear their own costs unless agreed otherwise.

**DONE** and **ORDERED** this 28th day of September 2022.

                                 s / Kristi K DuBose
                                   **KRISTI K. DuBOSE**
                                   **UNITED STATES DISTRICT JUDGE**

---

[1] The Order entered September 20, 2022 (doc. 37) is amended *nunc pro tunc* to order that Hill, Equifax, and Midland have sixty (60) days from September 20, 2022 to reinstate the action, instead of thirty (30) days.

[2] The Rule provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."